

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0711-18

**Ex parte BRANDON JOSEPH ADAMS, Appellant**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS TAYLOR COUNTY

KELLER, P.J., filed a concurring opinion in which HERVEY, YEARY and SLAUGHTER, JJ., joined.

The fact that Joe and Justin were different victims is not enough, by itself, to distinguish this case from *Ashe v. Swenson.*[1] In *Ashe*, three or four masked men robbed six people at a poker game.[2] The defendant was tried for robbing one of six players and acquitted.[3] The defendant was subsequently tried for robbing one of the other poker players.[4] As in the present case, the

---

[1] 397 U.S. 436 (1970).

[2] *Id.* at 437.

[3] *Id.* at 438-39.

[4] *Id.* at 439.

prosecutions in *Ashe* involved multiple victims.

But the defense in *Ashe* applied to all of the victims. Ashe's defense—and the only rational basis for the acquittal in the first prosecution—was that he was not one of the masked robbers.[5] So even though there were six victims in *Ashe*, the basis for acquitting the defendant applied to all of them—the defendant was either one of masked robbers or he was not.

The present case is different because Appellant's self-defense claim as to Justin does not necessarily apply to Joe. Evidence in the first prosecution suggested that Justin was an aggressor in the fight but that Joe was merely trying to break it up. A jury's conclusion that Appellant acted in self-defense against Justin would not rationally require it to also believe that he acted in self-defense against Joe. Consequently, unlike in *Ashe*, the prior prosecution did not necessarily resolve against the State an issue of fact crucial to the second prosecution.

I join the Court's opinion.

Filed: October 9, 2019

Publish

---

[5] *Id.* at 441, 445.